

RECEIVED BY
JAN 0 8 2018
LEGAL DEPARTMENT

# Notice of Service of Process

null / ALL
Transmittal Number: 17597934
Date Processed: 01/04/2018

| | |
|---|---|
| **Primary Contact:** | Byron Hayes<br>Zimmer Holdings, Inc.<br>345 East Main Street<br>Warsaw, IN 46580 |
| **Electronic copy provided to:** | Lisa Dunkin<br>Chad Phipps<br>Maureen Smith<br>Dona Reust<br>Brandee Martinsky |
| **Entity:** | Zimmer, Inc.<br>Entity ID Number 2451831 |
| **Entity Served:** | Zimmer, Inc. |
| **Title of Action:** | Michael Derifield vs. Zimmer, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Anchorage Superior Court, Alaska |
| **Case/Reference No:** | 3AN-17-08807 CIV |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 01/04/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Peter A. Sandberg<br>907-258-8750 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| MICHAEL DEREFIELD and CAROLE DERIFIELD, <br> Plaintiff(s), <br> VS. <br> ZIMMER, INC., a Delaware corporation, et al., <br> Defendant(s). | CASE NO. 3AN-17-08807 CI <br><br> SUMMONS AND <br> NOTICE TO BOTH PARTIES <br> OF JUDICIAL ASSIGNMENT |

To Defendant: Zimmer, Inc., a Delaware Corporation

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Peter A. Sandberg, whose address is: 813 West Third Avenue, Anchorage, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Washington and Master _____.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

Date: 8/24/2017

By: _____ Deputy Clerk

I certify that on 8/24/17 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (6/10)(st.3)  Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

Peter A. Sandberg
INGALDSON FITZGERALD, P.C.
813 W. 3rd Ave.
Anchorage, Alaska 99501
Phone: (907) 258-8750
Fax: (907) 258-8751
peters@impc-law.com

Attorneys for Plaintiff

COPY
Original Received
AUG 2 4 2017
Clerk of the Trial Courts

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MICHAEL DERIFIELD, and <br> CAROLE DERIFIELD <br><br> Plaintiffs, <br><br> v. <br><br> ZIMMER, INC., a Delaware corporation, <br> ZIMMER HOLDINGS, INC and <br> ZIMMER, U.S, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3AN-17-08807 CIV |

## COMPLAINT

Comes now plaintiffs, Michael Derifield and Carole Derifield, by and through their counsel of record, Ingaldson Fitzgerald, P.C., and assert as follows:

### PARTIES

1. Plaintiff, Michael Derifield, is, and at all relevant times to this claim was a resident of in the Third Judicial District of Alaska.

2. Plaintiff, Carole Derifield, is the wife of Michael Derifield, and is,

INGALDSON,
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Derifield v. Zimmer, Inc.*
Case No. 3AN-17-_____civ
Complaint

Page 1 of 10

Case 3:18-cv-00129-TMB   Document 1-1   Filed 06/04/18   Page 3 of 14

Exhibit A
Page 3 of 14

and at all relevant times to this claim was a resident in the Third Judicial District in Alaska.

3. Defendant, Zimmer, Inc., Zimmer Holdings, Inc, and Zimmer USA, Inc. (hereinafter collectively "Zimmer" or" Defendants") are corporations, incorporated in the State of Delaware with their principal place of business in the State of Indiana, and at all times material hereto, developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the Defective Products either directly or indirectly, to members of the general public within the State of Alaska, including to plaintiff.

## JURISDICTION AND VENUE

4. Defendant Zimmer, is a Delaware corporation with its principle place of business located at 345 East Main Street, Warsaw, Indiana, and conducts business throughout the United States, including the State of Alaska, by developing, testing, assembling, manufacturing, packaging, labeling, preparing, distributing, marketing, supplying, selling, and/or otherwise placing into the stream of commerce hip replacement components in a manner reasonably calculated to reach and impact the general public in the State of Alaska, including Plaintiffs.

5. Venue is proper in this Court in that, at present and at all material times relevant to this action, Zimmer had and has substantial, continuous, and systematic contacts in the State of Alaska and/or committed a tort in whole or in part in the State of Alaska.

INGALDSON,
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

6. This court has subject matter jurisdiction because the Defendants do business in the State of Alaska, and the harm caused by the Defendants to Plaintiffs occurred in the State of Alaska.

## FACTUAL ALLEGATIONS

7. This product liability action relates to the design, development, manufacture, testing, marketing, promotion, distribution and sale of Zimmer's defective products which are listed in paragraph 14 of the Complaint. At all times relevant to this Complaint, Zimmer regularly engaged in business in the State of Alaska.

8. At all times relevant to this Complaint, Zimmer placed the defective products, which are listed in Paragraph 14 of the Complaint into the stream of interstate commerce.

9. At all relevant times, Zimmer expected or should have expected that its acts and omissions would have consequences within the United States, and the State of Alaska.

10. Plaintiffs' damages in this matter accrued in the State of Alaska.

## THE DEFECTIVE DEVICES

11. Total hip arthroplasty, commonly referred to as hip replacement surgery, is the term used to describe the surgery wherein a patient's natural hip anatomy is replaced with synthetic components.

12. At all times material hereto, the Zimmer Defendants developed, designed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, promoted, marketed, supplied, sold and/or warranted the defective devices listed in Paragraph 14 of

INGALDSON,
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

the Complaint either directly or indirectly, to members of the general public throughout the United States and the State of Alaska, including to Plaintiff.

13. The defective design and manufacture of the defective devices listed in Paragraph 14 of the Complaint allows fretting and corrosion to occur at the junction of the femoral head and stem. This problem with modular component total hip replacements has been known to Zimmer and within the industry since at least the mid-1990s. The fretting and corrosion allows metal ions, including cobalt and chromium, to be released into the surrounding tissues. The fretting and corrosion and release of ions also manifest in increased cobalt and chromium blood levels of the patient. These cobalt and chromium ions destroy surrounding tissue and bone often causing pseudotumors and a condition called metallosis.

14. Defendant Zimmer manufactured the following components: A Zimmer MLT Head 40mm Chrome Cobalt 3.5 neck; a femoral component M/L taper size 13.5 with a neck 12/14 taper, acetabulum 60OD, 30 ID Trilogy liner. These components, hereinafter referred to as "Defective Products" were surgically implanted in Michael Derifield's left hip by Dr. Vasiloff at Providence Alaska Medical Center.

15. Following his surgery, Michael Derifield followed his physician's orders, and returned for follow up care as ordered.

16. Michael Derifield underwent a revision surgery for his left hip, in which the Zimmer Chrome-Cobalt head was replaced with a 40 MM Delta ceramic head. He underwent this surgery at Alaska Regional Medical Center in Anchorage, Alaska. His

INGALDSON,
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Derifield v. Zimmer, Inc.*
Case No. 3AN-17-_____civ
Complaint

doctor, found signs of fretting and corrosion, which included black corrosion debris, the presence of pseudo-tumors and metal debris at the hip/ neck junction.

17. At all material times, Zimmer failed to disclose to the FDA, healthcare professionals, consumers, or Plaintiff, the information it possessed concerning the frettering and corrosion inherent in its modular hip systemsand the actual adverse medical events, injuries and need for replacement surgery suffered by patients. Instead, Zimmer actively promoted the "Hip Joint Replacement System" for patients without accurately informing them of the dangers of Cobalt/Chromium metallosis.

18. At all material times, the Defective Products manufactured and/or supplied by Zimmer, were unaccompanied by proper warnings regarding all possible adverse consequences and the alarming rate of failure of the aforesaid product and the need for replacement surgery.

19. As a direct and proximate result of Zimmer placing the Defective Products into the stream of commerce, Plaintiff Michael Derifield has suffered and continues to suffer both injuries and damages in the State of Alaska, including but not limited to: past, present, and future physical and mental pain and suffering; and past, present and future medical, hospital, monitoring, rehabilitative expenses and lost wages.

20. As a direct and proximate result of Zimmer placing the Defective Products into the stream of commerce, Plaintiff Carole Derifield has suffered and continues to suffer loss of consortium, loss of services and loss of enjoyment of life.

## CAUSES OF ACTION

INGALDSON,
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

## COUNT I
## (STRICT PRODUCT LIABILITY)

21. Plaintiffs incorporate by reference, Paragraphs 1 through 20 above, as if fully set forth herein.

22. At all times material hereto, Zimmer engaged in the business of developing, testing, assembling, manufacturing, packaging, labeling, preparing, distributing, marketing, retailing, supplying and/or selling the Defective Products and through that conduct placed the Defective Products into the stream of commerce in the State of Alaska.

23. The Defective Products were defectively designed and/or manufactured so as to be unreasonably dangerous to consumers and/or to at in a manner that a reasonable consumer would not expect.

24. The Defective Products were intended for use in hip replacement procedures for consumers. Michael Derifield became a consumer and relied upon the safety of Defendant's product.

25. Zimmer failed to warn the public, including Michael Derifield, of the risk of suffering the type and manner of injuries suffered by Michael Derifield, which risks and/or dangers were known or should have been known to Zimmer.

26. Zimmer expected its Defective Products to reach, and they did in fact reach, consumers in the State of Alaska, including Michael Derifield, without substantial change in its condition.

INGALDSON,
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Derifield v. Zimmer, Inc.*
Case No. 3AN-17-_____civ
Complaint                                                          Page 6 of 10

27. Zimmer knew and intended that its Defective Products would be purchased from Zimmer by members of the general public and would be used by such purchasers without any inspection for defects.

28. As a direct and proximate result of the defective and unreasonably dangerous condition of the Defective Products, Michael Derifield sustained injuries and damages which will be proven with more specificity at trial.

## COUNT II
## (NEGLIGENCE)

29. Plaintiffs incorporate by reference, Paragraphs 1 through 28 above, as if fully set forth herein.

30. Zimmer was under a duty to use reasonable care in the design, manufacture, and the provision of warnings accompanying the Defective Products.

31. Zimmer was under a duty of care in the distribution and sale of its Defective Products so that they would be reasonably safe for their intended use.

32. Zimmer breached this duty by, among other things:

    a. Failing to exercise care in designing, developing, manufacturing, retailing, distributing and selling its Defective Products so as to avoid the above risks to individuals using the product;

    b. Failing to include adequate warnings with its Defective Products which would alert Plaintiffs and other consumers to its potential risks and serious side effects;

INGALDSON,
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage.
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Derifield v. Zimmer, Inc.*
Case No. 3AN-17-_____civ
Complaint

c. Failing to adequately and properly test its Defective Products before placing them into the stream of commerce;

d. Failing to conduct sufficient testing on its Defective Products, which if properly performed, would have shown that the products had serious side effects, including those suffered by Michael Derifield;

e. Failing to provide adequate post-marketing warnings or instructions after Zimmer knew, or should have known, of the significant risks of injuries and events from the use of the Defective Products.

33. As a direct and proximate result of Zimmer's negligence, Michael Derifield sustained injuries and damages which will be proven with more specificity at trial.

## COUNT III
## (LOSS OF CONSORTIUM-CAROLE DERIFIELD)

34. Plaintiffs incorporate by reference, Paragraphs 1 through 33 above, as if fully set forth herein.

35. The injuries to Michael Derifield have caused Carole Derifield to suffer the loss of society, comfort, care, protection, affection and companionship with Michael Derifield, the amount of which will be proven with more specificity at trial.

## COUNT IV
## (PUNITIVE DAMAGES)

36. Plaintiffs incorporate by reference, Paragraphs 1 through 35 above, as if fully set forth herein.

37. Prior to the manufacturing, sale and distribution of the Defective Products, Zimmer knew, or was reckless in not knowing, that modular THR components had an

INGALDSON,
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage.
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

increased risk of metal release and that those who were implanted with such devices were at an unreasonable risk of experiencing injury. Zimmer through its officers, directors and managing agents, had notice and knowledge from several sources, prior to the date of marketing and sale of the Defective Products to Michael Derifield, that the products presented a substantial and unreasonable risk of harm to the consumer, including Michael Derifield, and as such said consumers were unreasonably subjected to risk of injury from the use of those products.

38. Despite such knowledge and/or notice, Zimmer, through its officers, directors and managing agents, knowingly and deliberately failed to remedy the known defects in its product and failed to warn the public, including Michael Derifield, of the serious risk of injury occasioned by the defects inherent in the Defective Products, in particular modular THR components made from cobalt alloys.

39. Upon information and belief, Zimmer's failure to notify the public, including Michael Derifield was for the purpose of increasing sales and enhancing their profits and Zimmer intentionally proceeded with manufacturing, selling and marketing of the Defective Products knowing that persons would be exposed to serious potential danger, in order to advance their own pecuniary interests.

40. The actions of Zimmer as noted herein were outrageous and demonstrated reckless indifference to the welfare of the intended users of the Defective Products, and was done so as to profit its own self-interests and as such warrants exemplary damages.

INGALDSON,
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage.
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Derifield v. Zimmer, Inc.*
Case No. 3AN-17-_____civ
Complaint                                                                              Page 9 of 10

WHEREFORE, Plaintiffs pray for the following relief:

1. For a judgment against Defendant Zimmer and in favor of plaintiffs, and in an amount in excess of $100,000, the exact amount to be proven at trial;

2. Punitive Damages, and

3. For prejudgment interest, costs and attorney's fees;

4. For such other and further relief as this court deems just and equitable.

RESPECTFULLY SUBMITTED this 24th day of July, 2017.

INGALDSON FITZGERALD, P.C.
Attorneys for Plaintiffs

By: /s/ Peter Sandberg
Peter A. Sandberg
ABA No. 0611084

F:\W\5269.001\C-1 Pleadings\Complaint.docx

INGALDSON,
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Derifield v. Zimmer, Inc.*
Case No. 3AN-17-_____civ
Complaint · Page 10 of 10

Case 3:18-cv-00129-TMB   Document 1-1   Filed 06/04/18   Page 12 of 14

Exhibit A
Page 12 of 14






INGALDSON FITZGERALD, P.C.
LAWYERS

813 West Third Avenue
Anchorage, Alaska 99501-2001

Corporation Service Company
Registered Agent for Zimmer, Inc.
1201 Hays Street
Tallahassee, FL 32301-2525

