IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ROBERTA VINCENT,

                 Plaintiff,

       v.

ZIMMER, INC., a Delaware Corporation,
ZIMMER HOLDINGS, INC., and ZIMMER,
U.S.A., INC.,

                 Defendants.

Case No. 3:18-cv-00129-TMB

ORDER ON DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S EXPERT WITNESS
DISCLOSURE AND TO EXCLUDE
EXPERT WITNESS TESTIMONY
(DKT. 41) AND

PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' MOTION TO STRIKE
EXPERT WITNESS DISCLOSURE
(DKT. 43)

## I.    INTRODUCTION

      The matters come before the Court on Defendants Zimmer, Inc., Zimmer Holdings, Inc., and Zimmer, U.S.A., Inc.'s (collectively, "Zimmer" or "Defendants") Motion to Strike Plaintiff's Expert Witness Disclosure and to Exclude Expert Witness Testimony (the "Motion") and Plaintiff Roberta Vincent's Motion to Strike Defendants' Motion to Strike ("Plaintiff's Motion to Strike").[1] Plaintiff opposes the Motion (the "Response"), and Defendants oppose the Plaintiff's Motion to Strike.[2] Both Defendants' Motion and Plaintiff's Motion to Strike are fully briefed, and the Court heard oral argument on both motions.[3] For the reasons discussed below, the Motion is **GRANTED in part** and **DENIED in part without prejudice** and Plaintiff's Motion to Strike is **DENIED**.

---

[1] Dkt. 41 (Motion); 43 (Plaintiff's Motion to Strike).

[2] Dkts. 48 (Response); 50 (Exs. In Support of Response); 51 (Additional Exs. In Support of Response); 52 (Supp. Mem. In Response); 53 (Defendants' Response to Plaintiff's Motion to Strike); 54 (Ex. To Defendants' Response to Plaintiff's Motion to Strike).

[3] Dkts. 58 (Reply); 63 (Request for Oral Argument); 65 (Text Order Setting Hearing); 62 (Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Strike).

1

## II.    BACKGROUND

*A.    Defendants' Motion to Strike*

Defendants move to strike Plaintiff's expert disclosures under Federal Rule of Civil Procedure ("Rule") 26, arguing that Plaintiff failed to comply with the Rule.[4]  According to the Amended Scheduling and Planning Order, Plaintiff's expert disclosures were due on or before February 5, 2021.[5]  Plaintiff disclosed three experts on February 5, 2021:  Dr. Stephen Tower, Dr. Robert Bridges, and Cloie B. Johnson.[6]  Plaintiff also listed a "Toxicologist to be named" and "Representative" of NMS Labs as additional expert witnesses.[7]  For the identified experts, Plaintiff included basic information about the scope of each expert's testimony and an assortment of "Rule 26 information."[8]  Plaintiff did not produce written expert reports for any of her designated experts on or before February 5, 2021.[9]

Since February 5, 2021, Plaintiff has provided several Supplemental Expert Disclosures to Defendants, including on February 15,[10] February 17,[11] March 2,[12] and March 3.[13]  By March,

---

[4] Dkt. 41 at 2; Fed. R. Civ. P. 26(a)(2)(B).

[5] Dkt. 40 at 2 (Second Amended Scheduling & Planning Order).

[6] *See* Dkt. 42-1 (Plaintiff's Expert Disclosure).

[7] *Id.* at 3.

[8] *See* Dkt. 42-1.

[9] *Id.*

[10] Dkt. 48-8 (First Supp. Expert Disclosure).

[11] Dkt. 48-9 (Second Supp. Expert Disclosure).

[12] Dkt. 51-1 (Third Supp. Expert Disclosure).

[13] Dkt. 48-7 (Fourth Supp. Expert Disclosure).

2

Plaintiff identified an expert toxicologist, Dr. David M. Benjamin, and filed some of the information required by Rule 26.[14]  To date, Plaintiff has not identified a Representative of NMS Labs.

Defendants argue that the initial and supplemental disclosures do not meet the requirements of Rule 26(a)(2)(B) and are "facially inadequate."[15]  Defendants note that Plaintiff's attempts to "disclose her own medical records as the expert witness reports of Dr. Tower and Dr. Bridges" are inadequate under either Rule 26(a)(2)(B) or (C).[16]  Defendants further point to the lack of other information disclosed, including missing reports, prior testimony, or signatures.[17]  Defendants assert they are prejudiced because they are "in the position of having to plan depositions of three experts without the benefit of meaningful expert reports" and that the Plaintiff's delays are unjustified.[18]  Defendants ask the Court for an order striking Plaintiff's expert disclosures in their entirety and for precluding Plaintiffs from relying on her named and unnamed experts.[19]

In response, Plaintiff argues that Defendants violated Rule 26(c) by not meeting and conferring to resolve this discovery dispute (also the subject of Plaintiff's Motion to Strike).[20]  Plaintiff then argues that the disclosures do in fact comply with Rule 26.[21]  Plaintiff asserts that

---

[14] *See* Dkt. 48-7.

[15] Dkt. 41 at 13.

[16] *Id.* at 12.

[17] *Id.* at 8 (Figure A).

[18] *Id.* at 16–17.

[19] *Id.* at 17.

[20] Dkt. 48 at 9; *see* Dkt. 43.

[21] Dkt. 48 at 10.

Plaintiff's treating physicians, Drs. Tower and Bridges, are exempt from the Rule 26 written report requirement as long as they only testify as to their opinions formed during the course of treatment.[22] Plaintiff states that "[a]ll of [Drs. Tower and Bridges'] testimony is based solely on the scope of their treatment of her, their knowledge, and experience."[23] Plaintiff also asserts that Cloie Johnson could testify under Rule 26(a)(2)(C), but Plaintiff later withdrew that assertion.[24] Plaintiff further states that toxicologist Dr. David Benjamin's report and disclosures meet Rule 26's requirements.[25] Plaintiff concludes by arguing that Defendants are not prejudiced and that the requested sanctions are extreme.[26]

In reply, Defendants address several of Plaintiff's points. Defendants argue that Drs. Tower and Bridges, even if exempt from a written report under Rule 26(a)(2)(B), still need to state the "subject matter on which the witness is expected to present evidence" and a "summary of the facts and opinions to which the witness is expected to testify."[27] Defendants assert that "simply providing Plaintiff's medical records does not meet the demands of Rule 26(a)(2)(C)."[28] And, furthermore, the supplemental disclosure with Dr. Tower's report, they argue, "plainly goes well

---

[22] *Id.* at 11 (citing *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011)).

[23] *Id.* at 13.

[24] *Id.* at 14; Dkt. 52 at 2 (Johnson "is a retained expert for purposes of submitting a life care plan.").

[25] Dkt. 48 at 19.

[26] *Id.*

[27] *See* Dkt. 58 at 7 (internal quotation marks omitted); Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii).

[28] Dkt. 58 at 9.

4

beyond Dr. Tower's treatment[.]"[29]  Finally, Defendants reassert their argument that the staggered expert disclosure does not comply with Rule 26.[30]

      B.     *Plaintiff's Motion to Strike*

Shortly after the Motion was filed, Plaintiff filed her Motion to Strike the Motion.[31]  The gravamen of Plaintiff's Motion to Strike is that Defendants did not in good faith confer with Plaintiff prior to filing the Motion.[32]  As a result, Plaintiff argues that Defendants violated Rule 26(c).[33]  Plaintiff's counsel acknowledges that counsel for Defendants called prior to filing the Motion, but Defendants "only stated a motion to strike would be filed that day."[34]  Plaintiff asks the Motion to be stricken and for the Court to order the parties to meet and confer so that they can resolve outstanding issues.[35]

In response, Defendants argue that Rule 26(c) is inapplicable and that they are moving under Rule 37(c)(1), which does not require that Defendants meet and confer prior to filing a motion to strike.[36]

---

[29] *Id.* at 10.

[30] *Id.* at 13.

[31] Dkt. 43.

[32] *Id.* at 2.

[33] *Id.*

[34] *Id.* at 3; *see* Dkt. 44 at 1–2 (Coe Decl.).

[35] Dkt. 43 at 4.

[36] Dkt. 53 at 7, 9–10.

Plaintiff in reply argues that Rule 37 does not apply "since it is not a discovery dispute[.]"[37]

Plaintiff reiterates her position that Rule 26(c) is applicable.[38]

## III.  LEGAL STANDARD

*A.*   *Rule 26*

Rule 26 governs the disclosure of expert testimony.  In relevant part, it states:

> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > (ii) the facts or data considered by the witness in forming them;
> >
> > (iii) any exhibits that will be used to summarize or support them;
> >
> > (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> >
> > (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> >
> > (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

---

[37] Dkt. 62 at 4.

[38] *Id.* at 8.

6

(ii) a summary of the facts and opinions to which the witness is expected to testify.[39]

"Bald conclusions of an expert witness, or brief statements of ultimate conclusions with no explanation of the basis and reasons therefore, or the absence of a statement of how the facts support the conclusions, do not satisfy the Rule 26(a)(2)(B) requirements."[40]

Rule 26(c) also imposes a duty for the parties to in good faith confer or attempt to confer prior to a motion for a protective order.[41]  Rule 26(g)(3) permits the court to impose a sanction for violating the Rule 26 certification requirement.[42]

*B.     Rule 37*

Rule 37 governs the Court's ability to sanction parties for failure to disclose under Rule 26(a) and states that the proper remedy is to preclude "that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[43]  The Court has "wide latitude . . . to issue sanctions under Rule 37(c)(1)."[44]

//

//

---

[39] Fed. R. Civ. P. 26(a)(2)(B) –(C).

[40] *Wilderness Dev., LLC v. Hash*, No. CV 08–54–M–JCL, 2009 WL 564224, at *5 (D. Mont. Mar. 5, 2009).

[41] Fed. R. Civ. P. 26(c)(1).

[42] Fed. R. Civ. P. 26(g)(3).

[43] Fed. R. Civ. P. 37(c)(1).

[44] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

## IV.    DISCUSSION

The Court will first address Defendants' Motion, followed by Plaintiff's Motion to Strike.

A.      *Defendants' Motion to Strike*

The Court finds that all of Plaintiff's expert disclosures are incomplete, facially deficient, or otherwise fail to meet the requirements of Rule 26.  However, rather than exclude all of the proffered expert witness testimony, the Court will only strike the partial disclosure for the unidentified NMS Labs expert witness.  As to the other identified experts, the Court finds that the more appropriate remedy at this juncture is to give Plaintiff the opportunity to cure the deficient disclosures and that this course of action is harmless to Defendants since discovery has not closed and the Court can amend its Scheduling and Planning Order.[45]  The Court will describe its findings regarding each of Plaintiff's experts below.  Accordingly, the Motion is **GRANTED in part** and **DENIED in part without prejudice** as described below.

### Dr. Stephen Tower, M.D.

The Court reviewed the disclosures provided by Plaintiff as they relate to Dr. Tower's proffered expert testimony.[46]  Plaintiff asserts that Dr. Tower's testimony "is based solely on the scope of [his] treatment of [Plaintiff], [his] knowledge, and experience."[47]  However, Dr. Tower's report opines on topics that are outside the scope of his treatment of Plaintiff.  For example, Dr. Tower states that "I believe it to be unequivocal that the Zimmer 12/14 taper is a flawed design that resulted in MACC [Mechanically-Assisted-Crevice-Corrosion] occurring at the head-neck

---

[45] *See Rude v. Adeboyeku*, No. 05-1274 (RCL), 2007 WL 9770927, at *3 (D.D.C. Aug. 21, 2007) (allowing plaintiff to cure deficiencies in expert disclosure and extending discovery deadlines to ensure defendant did not suffer any harm as a result of plaintiff's failures).

[46] *See* Dkts. 42-1; 51-1.

[47] Dkt. 48 at 13.

interface[.]"[48]  Providing an opinion as to the design of the Zimmer 12/14 taper is separate and apart from his treatment of Plaintiff.  Further, Defendants correctly point out that discussion of "correspondence with Zimmer" as it relates to other patients and discussion of "[o]rthopedic surgery's benighted experience with cobalt-chromium arthroprosthetic components" fall outside of the scope of his treatment.[49]

The Court finds that Dr. Tower is properly classified as a Rule 26(a)(2)(B) witness insofar as he opines on these topics because Tower "reviewed information . . . that [he] hadn't reviewed during the course of treatment."[50]  As a result, he must comply with the six requirements under Rule 26(a)(2)(B).

The Court further finds that the expert disclosures as provided by Plaintiff at Dockets 42-1 and 51-1 substantially comply with Rule 26's disclosure requirements, with one exception. Dr. Tower provides opinions and analysis as it relates to Plaintiff's "failed right Zimmer hip replacement" that he implanted and revised "for an apparent Adverse-Reaction-to-Metallic-Debris (ARMD)."[51]  He describes his treatment and includes footnotes to 33 different citations.[52] Dr. Tower's CV is attached.[53]  His hourly rate is listed.[54]  However, the Court finds his disclosure of "Legal Cases Consulted on/Testified for" to be deficient, as it provides only cursory information

---

[48] Dkt. 51-1 at 5.

[49] *Id.* at 5–6; Dkt. 58 at 10.

[50] *Goodman*, 644 F.3d at 826.

[51] Dkt. 51-1 at 3.

[52] *See generally* Dkt. 51-1.

[53] *Id.* at 9-17.

[54] Dkt. 42-1 at 2.

about each matter.[55]  Accordingly, the Court will give Plaintiff the opportunity to file an amended expert disclosure with information including the relevant court or administrative agency, names of the parties, case number, and whether the testimony was by deposition or at trial.

Dr. Robert Bridges, M.D.

The Court reviewed the disclosures provided by Plaintiff as they relate to Dr. Bridges' proffered expert testimony.[56]  Plaintiff indicates that he will "testify as to the findings on Ms. Vincent's MRI's [sic] and position emission tomography, defects in the 2004 Zimmer device, the relation of the device and cobalt levels in the brain, the effect of cobalt on Ms. Vincent's brain," and other research and writings.[57]  Plaintiff later supplemented this statement by providing an addendum with "opinions that were based on the scan he performed, and the study plaintiff was in regarding the Zimmer hip implants."[58]  The Supplemental Disclosure refers to "articles previously submitted[.]"[59]  It also includes a "Final Report" that appears to be medical records from Plaintiff's visit to Dr. Bridges in 2016.[60]

---

[55] *See, e.g.*, *Paliwoda v. Showman*, No. 12–2740–KGS, 2013 WL 5938027, *6 (D. Kan. Nov. 6, 2013) ("The identification of 'cases' at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial. Such information should be sufficient to allow a party to review the proceedings to determine whether relevant testimony was given. With this information, a party should be able to determine the type of claim presented and locate any recorded testimony.") (quoting *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D. Kan. 1995)).

[56] Dkts. 42-1; 48-9.

[57] Dkt. 42-1 at 2.

[58] Dkt. 48-9 at 2.

[59] *Id.*

[60] *Id.* at 3–6.

The Court finds that Dr. Bridges is properly classified as a Rule 26(a)(2)(B) witness insofar as he opines on topics beyond the scope of his treatment.[61]  As a result, he must comply with the six requirements under Rule 26(a)(2)(B).

The Court further finds that the expert disclosures provided by Plaintiff do not comply with Rule 26(a)(2)(B).  The disclosures do not meet any of Rule 26's requirements, except for the disclosure of Dr. Bridges' CV.[62]  Accordingly, Plaintiff will have the opportunity to file an amended disclosure.  If Plaintiff chooses to narrow the scope of Dr. Bridges' testimony, she should file an amended disclosure that complies with Rule 26(a)(2)(C).

### Cloie B. Johnson

Plaintiff indicates that Cloie Johnson will "testify as to a life care plan with associated costs for Roberta Vincent's right hip and cobalt related conditions."[63]  Plaintiff asserted that Johnson could testify under Rule 26(a)(2)(C), but later withdrew that assertion, which means she must comply with Rule 26(a)(2)(B).[64]  Plaintiff states that Johnson's "report is pending completion."[65] Plaintiff properly disclosed Johnson's CV and prior testimony, but the disclosures do not meet the other Rule 26 requirements.[66]  Most notably, Plaintiff has not disclosed a written report.

---

[61] *See Goodman*, 644 F.3d at 826.

[62] *See* Dkt. 42-1 at 60–66 (Dr. Bridges' CV).

[63] *Id.* at 3.

[64] *See* Dkts. 48 at 14; 52 at 2 (Johnson "is a retained expert for purposes of submitting a life care plan.").

[65] Dkt. 52 at 2.

[66] Dkt. 42-1 at 2, 25–58.

Accordingly, Plaintiff will have the opportunity to file an amended disclosure for Johnson to cure the Rule 26 defects.

Dr. David M. Benjamin, Toxicologist

Plaintiff indicates that Dr. David Benjamin will "testify as to cobalt toxicity, the effects on the body, Ms. Vincent's levels and the effects on her. Testimony will also include the Zimmer device implanted in 2004 and the effects of corrosion."[67] On March 3, 2021, Plaintiff filed Dr. Benjamin's expert report.[68] There is no dispute that Benjamin must comply with Rule 26(a)(2)(B). Plaintiff has disclosed Benjamin's signed report, CV, and fees.[69] To the extent Defendants believe Dr. Benjamin's report contains an insufficient factual basis for his opinions and analysis, that objection is properly brought as a motion in limine. Nevertheless, Plaintiff has not disclosed a list of Dr. Benjamin's prior testimony as required by Rule 26(a)(2)(B)(v). Accordingly, Plaintiff will have the opportunity to file an amended disclosure with this information.

NMS Labs Expert Witness

Plaintiff indicated a desire to have an expert witness testify from NMS Labs.[70] Plaintiff has not identified who this expert will be and several weeks have passed since Plaintiff's expert disclosure deadline. Accordingly, given the substantial time that has passed since the expert

---

[67] *Id.* at 3; *see also* Dkt. 48-8 (identifying Dr. Benjamin as the expert toxicologist).

[68] Dkt. 48-7.

[69] *See id.*

[70] Dkt. 42-1 at 3.

disclosure deadline, the partial disclosure shall be stricken and Plaintiff will not be permitted to designate an expert witness from NMS Labs.

The Court is troubled by Plaintiff's failures to abide by the Scheduling and Planning Order in this case. This case was removed from state court to this Court in June 2018, and Plaintiff has had years to prepare and progress her case.[71] The Court has repeatedly adjusted the discovery timetable to accommodate the parties.[72] The Court most recently amended the Scheduling and planning Order on February 8, 2021, which memorialized the parties' proposed discovery dates in the Joint Motion to Modify and Amend the Scheduling and Planning Order filed on January 11, 2021.[73] The Joint Motion set February 5, 2021 as the Plaintiff's Expert Disclosure deadline.[74] The Court does not plan to entertain any further changes to the Scheduling and Planning Order. Further, the Court will entertain a renewed Motion to Strike from Defendants should Plaintiff file amended expert disclosures that continue to be deficient.

B.    *Plaintiff's Motion to Strike*

The Court finds that Plaintiff's assertion that the Rule 26(c) meet and confer requirement governs this dispute is inapposite. Rule 26(c) imposes a meet and confer requirement prior to a party filing a motion for a protective order.[75] Defendants are not seeking a protective order. Defendants properly brought their Motion under Rule 37 because of Plaintiff's alleged violations

---

[71] *See* Dkt. 1 (Notice of Removal).

[72] *See* Dkts. 21 (Scheduling and Planning Order); 26 (First Amended Scheduling and Planning Order); 40.

[73] Dkts. 39 (Joint Motion to Modify and Amend Scheduling and Planning Order); 40.

[74] *See* Dkt. 39 at 3.

[75] *See* Fed. R. Civ. P. 26(c)(1).

13

of Rule 26's expert disclosure requirement. Rule 37(c) does not have a meet and confer requirement.[76] Accordingly, since the Court finds Defendants violated no Federal Rule of Civil Procedure in filing their Motion, Plaintiff's Motion to Strike is **DENIED**.

## V.    CONCLUSION

Accordingly, for the foregoing reasons, the Motion at Docket 41 is **GRANTED in part.** The expert disclosure for an unidentified NMS Labs expert witness is **STRICKEN**.  The Motion is **DENIED without prejudice** as to the other proffered experts.  Plaintiff's Motion to Strike at Docket 43 is **DENIED**.  The Court further orders the following changes to the Scheduling and Planning Order at Docket 40:

1. Plaintiff shall have until **April 9, 2021** to file amended expert disclosures, as follows:

   a. Plaintiff shall file an amended expert disclosure for Dr. Stephen Tower that complies with Rule 26(a)(2)(B)(v).  For his prior testimony for the previous four years, Dr. Tower shall include the relevant court or administrative agency, names of the parties, case number, and whether the testimony was by deposition or at trial.

   b. Plaintiff shall file an amended expert disclosure for Dr. Robert Bridges as described in this Order.

   c. Plaintiff shall file an amended expert disclosure for Cloie B. Johnson as described in this Order.

   d. Plaintiff shall file an amended expert disclosure for Dr. David M. Benjamin that includes a list of prior testimony as required by Rule 26(a)(2)(B)(v).  For his prior testimony for the previous four years, Dr. Benjamin should include the relevant

---

[76] *See* Fed. R. Civ. P. 37(c).

court or administrative agency, names of the parties, case number, and whether the testimony was by deposition or at trial.

2.  Additional deadlines in the Scheduling and Planning Order shall be amended as follows:

    a.  Defendants shall file their expert disclosures on **April 23, 2021**. This supersedes the Court's Order at Docket 60.

    b.  Defendants shall have until **April 23, 2021** to file an amended Final Discovery Witness List, with additional expert witnesses only. This supersedes the Court's Order at Docket 60.

    c.  The Close of Discovery shall be on **May 21, 2021**.

    d.  Motions *in limine* shall be served and filed on or before **June 11, 2021**.

    e.  Dispositive motions shall be served and filed on or before **June 25, 2021**.

3.  The parties shall meet and confer regarding outstanding discovery issues and potential alternative dispute resolution, and Plaintiff shall file a Joint Status Report on **May 3, 2021** on behalf of the parties.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 26th day of March 2021.

/s/ *Timothy M . Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE